**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lauryn GALINDO, Defendant–Appellant.**

**No. 04–30502.**

**D.C. No. CR–03–00187–TSZ.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Jan. 24, 2006.

James M. Lord, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Suzanne Lee Elliott, Esq., Law Offices of Suzanne Lee Elliott, Seattle, WA, for Defendant–Appellant.

Before GOULD and BERZON, Circuit Judges, and SCHWARZER,* Senior District Judge.

---

* The Honorable William W Schwarzer, Senior

**736**

MEMORANDUM **

Lauryn Galindo (Galindo) appeals her eighteen-month sentence resulting from guilty pleas to conspiracy to commit visa fraud, conspiracy to commit money laundering, and structuring currency transactions. The district court sentenced Galindo to three concurrent eighteen-month terms, within the initial Guidelines range for visa fraud and money laundering but above the range for the structuring charge.

Galindo contends that the eighteen-month sentence on the structuring charge was an upward departure because it exceeded the relevant Guidelines range. Galindo is mistaken. The Guidelines instruct courts to group the charges, U.S.S.G. § 3D1.2(c), (d) (2004), and apply the highest offense level, U.S.S.G. § 3D1.3. In this case the underlying offenses of visa fraud and money laundering, as adjusted, carried a sentencing range of eighteen to twenty-four months. Galindo was sentenced at the bottom of the applicable range.

Because the district court sentenced Galindo under a mandatory Guidelines regime and because it cannot be determined on this record whether the sentence would have been materially different had the court treated the Guidelines as advisory, a limited remand for resentencing is appropriate. *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc); *United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (applying *Ameline* to cases of non-constitutional error). The government conceded at oral argument that a limited remand is appropriate.

SENTENCE REMANDED.

---

United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.